**In the Matter of the Arbitration of Certain Controversies Between SAS GROUP, INC., Petitioner–Appellee,**

v.

**George W. MADRAY, Jr., D.M.D., Respondent–Appellant.**

No. 00–9599.

United States Court of Appeals, Second Circuit.

July 11, 2001.

Peter Klose, Esq., White Plains, NY, for appellant.

Kevin James Harrington, Esq., Harrington, Ocko & Monk White Plains, NY, for appellee.

Present WALKER, Chief J., CABRANES, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Respondent-appellant George W. Madray appeals from a July 5, 2000 judgment in the United States District Court for the Southern District of New York (Colleen McMahon, J.), denying Madray's motion to vacate an arbitration award, and a December 1, 2000 judgment denying Madray's motion for re-argument and reconsideration of his prior motion to vacate the arbitration award. On appeal, Madray argues that the district court erred in affirming the arbitration award on the grounds that the arbitrator 1) exceeded his authority granted to him under the relevant agreement by basing the award on the "erroneous assumption" that Madray's patent was invalid; 2) made a new contract for the parties by linking the enforceablity of the restrictive covenants in the agreement with validity of the patent; and 3) violated the public policy of the presumption of patent validity.

Madray, who purported to have a valid patent in a dental whitening agent known as "Dental White," granted the petitioner-appellee SAS Group, Inc. ("SAS") an exclusive license to distribute Dental White to various resellers in the United States, effective October 17, 1997. This agreement was memorialized in a writing which also contained, *inter alia,* a non-competition clause that restricted SAS from selling any competing product during the life of their agreement, and a restrictive convenant prohibiting SAS from selling any competing product for two years after the termination of their agreement. The

agreement clearly indicates, in numerous provisions, that Dental White is a patented and licensed product. The agreement also contained a broad arbitration clause.

On June 23, 1999, SAS demanded arbitration on the grounds that Madray had breached the distribution agreement, the confidentiality agreement and the implied covenant of good faith and fair dealing. Madray cross-claimed for alleged breaches by SAS and sought to terminate the agreement.

On January 18, 2000, in an Office Action, the United States Patent and Trademark Office invalidated Madray's patent. In an April 3, 2000 award, the arbitrator, Stuart Cartoon, ruled that the agreement was deemed terminated as of May 1, 2000 and the non-competition clause and the post-termination restrictive covenant were invalid. The district court affirmed this award. Madray appeals.

■■■ "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,* 126 F.3d 15, 23 (2d Cir.1997) (alteration in original) (internal quotation marks omitted). A district court's review of an arbitration award is severely cabined. "An arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny." *Id.* (internal quotation marks omitted). We review the district court's findings of fact for clear error and its conclusions of law de novo. *Id.* Applying this standard, we find no reason to disturb the judgment of the district court confirming the award of the arbitor.

For substantially the reasons stated in the district court's thoughtful opinion, we

AFFIRM the judgment of the district court.